UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUSSEL P.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 3:22-cv-05871-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 16, 19, 20.

After considering and reviewing the record, the Court concludes: (1) the Administrative Law Judge ("ALJ") harmfully erred by rejecting the opinions of Dr. Ruddell, Dr. Wheeler, and Dr. Eisenhauer; and (2) a remand for further proceedings is appropriate. The Court accordingly

1  **REVERSES** the Commissioner's final decision and **REMANDS** the case for further
2  proceedings.

## I. PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* Administrative Record ("AR") 167, 174. Plaintiff's requested hearing was held before the ALJ on March 2, 2022. AR 94-128.

On April 22, 2022, the ALJ issued a written decision in which the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 20-45. On September 6, 2022, the Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1. On November 14, 2022, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 5. Defendant filed the sealed AR regarding this matter on April 4, 2023. Dkt. 10.

## II. BACKGROUND

Plaintiff was born in 1986 and was 32 years old on the alleged date of disability onset of January 1, 2019. AR 39, 327. Plaintiff has a high school education and completed three years of college classes. AR 34, 841. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of spinal disorder including lumbar spondylosis; obesity; diabetes mellitus; bilateral knee patellofemoral disorder; bilateral foot disorder including plantar fasciitis; asthma; autism disorder; anxiety disorder; excoriation disorder; and post-traumatic stress disorder. AR 26. However, the ALJ found Plaintiff was not disabled because he had the following RFC:

> medium work as defined in 20 CFR 416.967(c) except the claimant: is limited to occupations that require no more than frequent postural maneuvers, such as balancing, stooping, kneeling, and crouching; may occasionally crawl and climb ramps/stairs, but must avoid occupations that require climbing on ladders, ropes,

and scaffolds; is limited to occupations that require no more than occasional pushing and pulling with the lower extremities, to include the operation of foot controls; must avoid frequent concentrated exposure to fumes, odors, dusts, gases, chemical irritants, environments with poor ventilation, temperature extremes, extreme dampness, and humidity; must avoid frequent exposure to dangerous machinery and unprotected heights; and is limited to occupations requiring the performance of no more than simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few work place changes, and which require no more than frequent interaction with supervisors and coworkers, and no more than occasional interaction with members of the general public.

AR 32.

### III.   DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises the following issues: (1) whether the ALJ properly evaluated the medical opinions; (2) whether the ALJ properly evaluated Plaintiff's testimony; and (3) whether the ALJ properly evaluated lay witness testimony. Dkt. 16 at 1.

**A.    Assessment of Medical Opinions**

Plaintiff assigns error to the ALJ's evaluation of opinions from examining physicians Alyssa Ruddell, Ph.D., Kimberly Wheeler, Ph.D., Richard Henegan, M.D., treating physician Daniel Burris, M.D., and four non-examining physicians.

For applications filed on or after March 27, 2017, the Administration has directed ALJs to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c). Instead, they must evaluate the persuasiveness of all medical opinions by analyzing their "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a).

1 | The Ninth Circuit recently held that the "revised social security regulations are clearly
2 | irreconcilable with [its] caselaw according special deference to the opinions of treating and
3 | examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32
4 | F.4th 785, 792 (9th Cir. 2022). Therefore, for applications filed after March 27, 2017, "an ALJ's
5 | decision, including the decision to discredit any medical opinion, must simply be supported by
6 | substantial evidence." *Id.* at 787.

          1.       The Opinions of Dr. Alyssa Ruddell, Ph.D. and Dr. Kimberly Wheeler, Ph.D.

On October 17, 2019, Dr. Alyssa Ruddell conducted a Psychological Evaluation of Plaintiff on behalf of the Washington State Department of Social and Health Services. AR 406-09. During the mental status exam, she observed that Plaintiff had an appropriate appearance, appropriate attitude, full affect, appropriate eye contact, and adequate fund of knowledge. AR 408. She also observed that Plaintiff had a depressed mood and paranoid thought content, had impaired executive functioning, and was not oriented as to time and expectation. *Id.* She noted restlessness, OCD behavior, fears, embarrassment, worry, trauma, and insomnia, which interfered with Plaintiff's concentration, focus, and alertness. AR 406. She concluded that Plaintiff had marked limitations in his ability to adapt to changes in a routine work setting, complete a normal workday and work week without interruptions from psychologically based symptoms, and set realistic goals and plan independently. *Id.* She found moderate limitations in seven other categories and an overall marked severity of limitations. *Id.* On October 21, 2019, non-examining physician Dr. Renee Eisenhauer, Ph.D. reviewed Dr. Ruddell's report and found the same limitations. AR 786-87.

Dr. Kimberly Wheeler conducted a similar assessment on January 4, 2022, wherein she observed that Plaintiff had a "prominently dour outlook," expressed feelings of hopelessness and

helplessness as well as an "expectation that things are only going to get worse." AR 842. In administering the mental status exam, she observed that Plaintiff generally acted within normal limits but exhibited poor insight and judgment and a dour or dysphoric mood. AR 844-45. Like Dr. Ruddell, she concluded that Plaintiff had three marked and six moderate limitations and was markedly limited overall. AR 843. The ALJ found both opinions unpersuasive, concluding that the marked limitations were not supported by the record. AR 35. Specifically, the ALJ found that Plaintiff's "mental status examinations do not consistently show this degree of restriction and the claimant is able to complete a range of life's daily activities." *Id*.

Such conclusory analysis is insufficient and not supported by substantial evidence. The ALJ failed to specify which activities or examinations contradicted the opinions of Dr. Ruddell and Dr. Wheeler and failed to build a "logical bridge" from these facts to his decision to discredit the opinions. *Enrique C. v. Kijakazi*, No. 1:22-CV-03040-MKD, 2023 WL 2764647, at *6 (E.D. Wash. Mar. 31, 2023) (citing *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003)). Earlier in the opinion, the ALJ noted that "mental status examination findings throughout 2021 showed that the claimant was alert, well oriented, cooperative, and demonstrative of an appropriate mood/affect" and cited to one such examination. AR 35 (citing AR 775). The Commissioner cites to four similar evaluations. *See* Dkt. 19 at 9 (citing AR 447, 473, 574, 667). All but one of these are cursory, one-line notes from visits primarily related to Plaintiff's physical health.

While such findings could provide additional support for the ALJ's assessment, they are "less persuasive than observations from a visit specifically focused on the impairment at issue." *Hasselswerth v. Berryhill*, No. C18-424 RAJ, 2018 WL 5921020, at *3 (W.D. Wash. Nov. 13, 2018) (citing 20 C.F.R. § 416.927(c)(5)). The ALJ made no attempt to reconcile these notes with the abnormal exam findings recorded by Drs. Ruddell and Wheeler. *See, e.g.,* AR 408 (noting

ORDER ON PLAINTIFF'S COMPLAINT - 5

depressed mood and paranoid thought content, impaired executive functioning, disorientation as to time and expectation).

The ALJ's finding that the opinions are inconsistent with "a range of life's daily activities" is similarly lacking. AR 35; *see Joseph W. G. v. Comm'r of Soc. Sec.*, No. 3:18-CV-05582-DWC, 2019 WL 1568427, at *3 (W.D. Wash. Apr. 11, 2019) ("the ALJ failed to explain how any of the activities reported by the Plaintiff undermine Dr. Carter's opinion"); *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct") (internal citation omitted).

Lastly, the ALJ did not address the opinion of Dr. Eisenhauer, who concurred with Dr. Ruddell's opined limitations. This was error. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).

**2.     The January 2021 Opinion of Dr. Richard Henegan, M.D.**

On January 23, 2021, Dr. Richard Henegan performed a physical evaluation of Plaintiff. AR 739-44. He diagnosed Plaintiff with lumbar spondylosis, morbid obesity, and plantar fasciitis. AR 743. He found several functional limitations, including the following maximum standing and walking capacity: "At least six hours. Justification and limitations: Frequent breaks due to plantar fasciitis and he would need to wear his orthotic shoes." AR 743.

The ALJ found the opinion generally persuasive. AR 36. Plaintiff argues the ALJ erred by not incorporating into the RFC the requirement for "frequent breaks" in walking and standing.

Dkt. 16 at 5-6; Dkt. 20 at 3. The Court has reviewed Plaintiff's arguments but declines to reach them as the Court has already determined that remand is necessary, and Plaintiff's RFC must be reevaluated for the reasons given above. *See* Social Security Ruling 96-8p, (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

### 3. The March 2022 Opinion of Dr. Daniel Burris, M.D. and the Non-Examining Physician Opinions

Plaintiff argues that the ALJ erred in discrediting the opinion of treating physician Dr. Daniel Burris and in crediting the opinions of several non-examining physicians, arguing that they are inconsistent with the opinions of Drs. Ruddell, Wheeler, Henegan, and Burris. Dkt. 16 at 11.

The Court notes that the ALJ is not required to discredit an opinion merely because there exist some countervailing facts or conflicting opinions. "When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict." *Joyce C. v. Berryhill*, No. 3:17-CV-05881-TLF, 2018 WL 4873949, at *5 (W.D. Wash. Oct. 5, 2018) (citing *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996)). And while opinions of treating and examining doctors are generally entitled to more weight, an ALJ may reasonably find a non-examining physician's opinion more consistent with the record. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020).

However, because reconsideration of the opinions of Drs. Ruddell, Wheeler, and Eisenhauer "may impact the ALJ's analysis of the remaining medical opinions," the Court

declines to analyze any of these opinions. *Kelsy E. H. v. Comm'r of Soc. Sec.*, No. 3:19-CV-05358-DWC, 2019 WL 5388191, at *3 (W.D. Wash. Oct. 22, 2019).

**B.   Plaintiff and Lay Witness Testimony**

Plaintiff also argues that the ALJ erred by discrediting his hearing testimony and the statements from Plaintiff's mother, his friend, and Vivian Kind, a social worker. Dkt. 16 at 12-19. Again, because reconsideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's credibility and the lay witness statements, the ALJ is further directed to reconsider this evidence on remand.

## IV.   CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this Order. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 8th day of September, 2023.

Grady J. Leupold
United States Magistrate Judge